UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nguyen Minh Van,<br><br>　　　　Petitioner.<br><br>v.<br><br>Chief Council of NV DHS ICE, et al.,<br><br>　　　　Respondent. | Case No.: 2:25-cv-02442-APG-DJA<br><br>**Order Dismissing Case<br>Without Prejudice**<br><br>[ECF No. 3] |

Petitioner Nguyen Minh Van, an immigration detainee, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and did not either pay the required $5.00 filing fee or submit a complete application for leave to proceed *in forma pauperis* (IFP). ECF No. 1. In December 2025, I ordered Van to either pay the required filing fee or submit a complete IFP application by February 12, 2026. ECF No. 3. That deadline expired, and Van did not pay the fee or file a complete IFP application.

**Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without Van's compliance with court orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

/ / / /

/ / / /

**Conclusion**

I THEREFORE ORDER:

1. Petitioner Nguyen Minh Van's Petition for Writ of Habeas Corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE based his on failure to comply with my Order (ECF No. 3).

2. Van is denied a certificate of appealability, as jurists of reason would not find dismissal of the petition for the reasons stated herein to be debatable or wrong.

3. The Clerk of the Court is instructed to enter final judgment accordingly and close this case.

DATED this 24th day of February, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE